IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LORENZO L. BRADLEY, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:17-CV-3317-L-BT |
| § | |
| NFN MARX, ET AL, § | |
| Defendants. § | |

### **FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### I.

Plaintiff is a state prisoner confined in the State of Georgia. He filed this complaint under 42 U.S.C. § 1983. He is proceeding *pro se,* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Judge Susan Rankins, Judge Kim Cooks, Judge Mary Brown, Judge Tena Callahan, Judge Denise Garcia, Judge David Lopez, Judge Andrea Plumlee, and "Marx, Law Firm". The Court has not issued process pending judicial screening.

On December 5, 2017, Plaintiff filed his original complaint. On December 14, 2017, the Court sent Plaintiff a notice of deficiency because the complaint failed to comply with Fed. R. Civ. P. 8(a). On December 28, 2017, with leave of

1

court, Plaintiff filed an amended complaint. On January 17, 2018, Plaintiff filed a second amended complaint.

Plaintiff's second amended complaint, which is the live pleading, identifies seven state court judges and "Marx, Law Firm" as defendants.  He claims Judges Rankins, Cooks, Brown, Callahan, Garcia, Lopez, and Plumlee "on June 2016[,] finalized [a] bogus divorce." He claims Marx "presented frequent paperwork to the Court ???" He seeks $12 million in damages.

## II.

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell*

2

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.

Plaintiff seeks monetary damages from seven state court judges for "finalizing a bogus divorce." Judges, however, have absolute immunity for actions taken within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). Plaintiff's claims arise out of the various judges' alleged role in adjudicating a divorce proceeding. The Court therefore concludes that these defendants are entitled to judicial immunity and that Plaintiff's claims against Judges Rankins, Cooks, Brown, Callahan, Garcia, Lopez, and Plumlee should be dismissed as frivolous.

Plaintiff also seeks damages from "Marx, Law Firm." Section 1983 generally does not provide relief for deprivations caused by private individuals or entities. *See West v. Atkins*, 487 U.S. 42, 49 (1988) (stating that "[t]o constitute a state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State ... or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor' ") (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922,

936 (1982)). Private individuals can be held liable under § 1983 only in limited circumstances. For example, if private individuals conspire with government officers, the private individuals may be deemed to have acted under the color of state law. *See, e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (holding that the plaintiff could bring a § 1983 action against defendant, a private restaurant, if she could prove that the restaurant refused her service due to a state-enforced custom of segregation). Private individuals can also be liable under § 1983 if they perform functions "traditionally exclusively reserved to the State." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974).

In this case, Plaintiff does not allege that Marx is a state employee; nor does he allege any facts that would support the conclusion that Marx could be fairly said to be a state actor. Plaintiff does not allege facts that suggest Marx conspired with government officers or performed any function traditionally exclusively reserved to the state. Rather, Plaintiff alleges only that Marx "presented frequent paperwork to the court." These facts suggest that Marx is a private law firm, or a private attorney. Plaintiff's claim against "Marx, Law Firm" should be dismissed. *See Mills v. Criminal Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983").

4

IV.

The Court recommends that all of Plaintiff's claims be summarily dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

Signed February 14, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).